UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN SCHWEITZER | CIVIL ACTION |
| VERSUS | NO. 05-2493 |
| REGIONAL TRANSIT AUTHORITY | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is a Motion to Remand (Rec. Doc. No. 15) filed herein by Robert G. Harvey, Sr. and his firm Robert G. Harvey, Sr., APLC and W. Patrick Klotz and his firm Klotz & Early, seeking remand of this matter to the Fourth Circuit Court of Appeal for the State of Louisiana; and a Motion to Dismiss (Rec. Doc. No. 20) filed by Plaintiffs Stephen Schweitzer and Sandra Miller, individually and on behalf of their minor child Shannon Schweitzer, seeking dismissal of the main demand pursuant to Fed.R.Civ.P. Art. 41(a)(2).

As for the Motion to Remand, the Court was faced with a similar motion relative to claims made by and against the bankrupt estate in *Schweitzer, et al v. Harvey, et al,* USDC-EDLA No. 05-2476. This case, like its companion, is sufficiently (and substantially) related to the bankrupt estate such that this Court should retain jurisdiction, for much the same reasons set forth in this Court's opinion denying the Motion to Remand in the companion case. *See Schweitzer, et al v. Harvey, et al,* USDC, EDLA No. 05-2476, Rec. Doc. No. 25. Thus, the Motion to Remand is **DENIED**.

1

As a result of a settlement between Plaintiffs and Defendants in this matter, which settlement was approved by the Bankruptcy Court on January 19, 2007,[1] Plaintiffs seek dismissal of the main demand, as well as dismissal without prejudice of the intervention by Harvey and Klotz for attorney's fees. Harvey and Klotz maintain that, though the main demand might have been settled over their objection, their intervention for attorney's fees and costs expended in the underlying litigation, wherein they seek recovery of a 40 per cent contingency fee under the terms of a contract with the Schweitzers, should not be dismissed.

Because settlements are "highly favored" in the law and will be upheld whenever possible, *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985), the Court sees no reason to deny the Motion to Dismiss the main demand in this case, with prejudice, particularly in light of the approval of such settlement by the Bankruptcy Judge, and the affirmation of such approval by this Court. As to the intervention for attorney's fees, the Court notes as significant the proof of claim which Harvey and Klotz have filed in Bankruptcy Court seeking recovery of all such attorney's fees and costs earned and expended by them in their representation of the Schweitzers in the underlying litigation. *See In Re: Shannon Donnelly Schweitzer,* No. 05-14143, (Bankr. E.D. La. Mar. 29, 2007) (Claim No. 6). As Harvey and Klotz are creditors of the Schweitzer bankruptcy, and have taken appropriate action to have such debt of the estate recognized by the Bankruptcy Court, the Court sees no reason to maintain the intervention for precisely the same sums as a separate, single claim before this Court. Accordingly, the Court will **GRANT** the motion to dismiss the intervention

---

[1] Approval of the settlement of the main demand in this matter was the subject of an appeal from Bankruptcy Court. USBC-EDLA No. 05-14143. This Court affirmed such approval of the settlement on July 13, 2007. See *In Re: Shannon Donnelly Schweitzer,* USDC-EDLA, No. 07-1836, Rec. Doc. No. 9.

herein, without prejudice to the right of Harvey and Klotz to pursue and recover all such sums in Bankruptcy Court, as set forth in the Proof of Claim they have filed in that court, including the assertion of all such rights pursuant to Louisiana statutory authority.[2]

For the foregoing reasons, the Motion to Dismiss the main demand pursuant to Fed.R.Civ.P. Art. 41(a)(2) is **GRANTED** with prejudice; and the Motion to Dismiss the intervention herein is **GRANTED** without prejudice.

New Orleans, Louisiana, this   8th   day of August, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[2] Harvey and Klotz assert La. R.S. 37:218 and La. R.S. 9:5001 as further grounds supporting their rights herein. The Court makes no ruling as to the applicability of these statutes herein, but merely reserves the right of Harvey and Klotz to argue this in Bankruptcy Court.